[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 23-13272

Non-Argument Calendar

_____

ANTONIO HALL,

                                                            Plaintiff-Appellant,

*versus*

SAC WIRELESS, LLC,

                                                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-05241-JPB

_____

Before WILSON, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

We vacate and withdraw our previous opinion dated July 24, 2024, 2024 WL 3519298, (11th Cir. July 24, 2024), and substitute the following opinion.

Plaintiff-Appellant Antonio Hall appeals the district court's order granting summary judgment in favor of Defendant-Appellee SAC Wireless, LLC, on Hall's negligence claim. The district court found that SAC Wireless was Hall's statutory employer under Georgia Workers' Compensation Act (WCA) and thus was immune from tort liability. After careful review, we affirm.

## I.

SAC Wireless, a subsidiary of Nokia, is often the general contractor who works on cellphone towers. In August 2020, SAC Wireless installed and removed antennas on a cell phone tower benefiting a customer. But SAC Wireless does not own any cranes to help bring materials to the cell phone tower. SAC Wireless contracted with Maxim Crane Works, L.P., to provide the crane and employees to perform the necessary crane work for this project.

Maxim provided the use of a crane, a crane operator, a crane oiler, and individuals who help set up and break down the crane. Hall was one of those individuals who helped break down the crane. When Maxim provided the crane and its employees to SAC Wireless, they were under SAC Wireless's "exclusive jurisdiction,

possession, supervision and control." SAC Wireless told the crane operator where the equipment needed to be set up and then to lift and lower necessary equipment. SAC Wireless would not have been able to complete the job had it not been for the Maxim's contract to provide the crane, crane operator, and crane oiler.

After SAC Wireless completed moving the antennas off the cell phone tower, Hall had to disassemble the crane to prepare it for transport. During the disassembling process, Hall placed his left hand on the crane to balance himself just as the crane operator caused the crane to touch energized power lines. As a result, Hall was electrocuted and was significantly injured. Hall sought and received workers' compensation benefits from Maxim.

Hall sued SAC Wireless for negligence and punitive damages. SAC Wireless moved for summary judgment,[1] arguing that it is entitled to tort immunity under the "statutory employer" doctrine, codified at O.C.G.A. § 34-9-8(a), such that Hall's exclusive remedy is under the WCA. The district court agreed. Hall timely appealed.

## II.

"We review a district court's grant of summary judgment de novo, viewing all the evidence, and drawing all reasonable factual inferences, in favor of the nonmoving party." *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019) (quotation marks

---

[1] Hall also moved for partial summary judgment, which the district court denied.

omitted). A grant of summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

First, Hall argues that he was not an employee of a subcontractor under O.C.G.A. § 34-9-8(a). Second, Hall argues that even if Maxim was a subcontractor of SAC Wireless, he was not engaged in the subject matter of the contract under O.C.G.A. § 34-9-8(a). We find that both arguments fail and address each in turn.

The WCA "is designed to provide for relief to injured employees, while also protecting employers from excessive recoveries of damages." *Savannah Hosp. Servs., LLC v. Scriven*, 828 S.E.2d 423, 425 (Ga. Ct. App. 2019). The WCA has an exclusive remedy provision. O.C.G.A. § 34-9-11(a). "Therefore, where the Act applies, it provides the employee's exclusive remedy against his employer and precludes recovery on a tort claim by an injured employee against his employer." *Teasley v. Freeman,* 699 S.E.2d 39, 41 (Ga. Ct. App. 2010) (quotation marks omitted).

The statutory employer provision of the WCA states: "A principal, intermediate, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his subcontractors engaged upon the subject matter of the contract to the same extent as the immediate employer." O.C.G.A. § 34-9-8(a). This provision "applies only where the principal has contracted to perform certain work for another and has subcontracted some or all of that work." *Carr v. FedEx Ground Package Sys., Inc.*,

733 S.E.2d 1, 5 (Ga. Ct. App. 2012). "[T]he statutory employer doctrine permits liability for workers' compensation benefits to attach vicariously against someone other than an injured employee's employer. In return, the vicariously liable party is immune from tort liability for the injury suffered." *Manning v. Ga. Power Co.*, 314 S.E.2d 432, 433 (Ga. 1984).

The contract between SAC Wireless and Maxim shows that SAC Wireless retained Maxim to provide a crane to assist with SAC Wireless's work on the cell phone towers. Further, like the district court correctly noted, SAC Wireless could not have completed the work for its customer because it did not have its own cranes or those to operate the cranes.[2] Thus, SAC Wireless subcontracted with Maxim to complete its contract with its customers. As a result, the district court properly found that SAC Wireless was the principal contractor and Maxim was the subcontractor with Hall being an employee of Maxim.

Next, Hall asserts that because he was disassembling the crane, he was not "engaged upon the subject matter of the contract," O.C.G.A. § 34-9-8(a), insisting that the breaking down of the crane was not part of the contract. This is illogical. SAC Wireless did not have cranes that Hall was coming to solely remove; instead, Maxim brought the cranes to the job site, stayed and assisted in SAC Wireless's job, and then had to remove the cranes. We agree

---

[2] Hall also argues that Maxim only provided tools. But that argument lacks merit because if SAC Wireless only need the crane, there would not be a contract for personnel to help use the crane.

6                     Opinion of the Court                 23-13272

with the district court that "erecting the crane, tending to the needs of the crane and disassembling the crane were as much a part of the contract as the hoisting activities." *Hall v. SAC Wireless*, No. 1:21-cv-05241-JPB, 2023 WL 5918920, at *4 (N.D. Ga. Sept. 11, 2023). Thus, Hall's duties in breaking down the crane were part of the subject matter of the contract.

Accordingly, the district court properly found that SAC Wireless was Hall's statutory employer and entitled to immunity from suit.

**AFFIRMED.**